CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 26, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TARUN KUMAR VYAS,　　　　　)<br>　　Plaintiff,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>SHERIFF BRYAN HUTCHESON, *et al.*,　)<br>　　Defendants.　　　　　　　　　) | Civil Action No. 7:23-cv-00738<br><br>By: Elizabeth K. Dillon<br>　　Chief United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Tarun Kumar Vyas, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging claims for violation of his religious free exercise rights. (Compl., Dkt. No. 1.) Before the court is a motion for summary judgment filed by defendants County of Rockingham, Lt. Madison, and Lt. Wilberger (Dkt. No. 88) and a motion to dismiss filed by the Rockingham County Sheriff's Office (RCSO) (Dkt. No. 86).

The only argument raised in the pending motion for summary judgment is that Vyas did not exhaust his administrative remedies. This is the same argument raised by four other defendants in this action (Dkt. Nos. 44, 45), and the court denied that motion based on issues of fact raised in Vyas's response. Vyas's response to that earlier summary judgment motion is the same as his response to the motion at Docket No. 88; thus, it raises the same issue of fact. (*See* Dkt. Nos. 72, 104, 116.) Accordingly, the motion for summary judgment will be denied for the reasons set forth in the court's prior memorandum opinion which is hereby incorporated by reference. (Dkt. No. 123.) The exhaustion issue was referred to Magistrate Judge Joel C. Hoppe for an evidentiary hearing, and his report and recommendation has been filed. (Dkt. No. 166.) Vyas has requested an extension of time to respond to the report and recommendation (Dkt. No. 169), and that request is still pending. Thus, the report and recommendation have not yet been

considered by the undersigned yet. Once the report and recommendation is reviewed, the exhaustion issue may be resolved.

The Rockingham County Sheriff's Office (RCSO) moves to dismiss on the grounds that it is not an entity that is capable of being sued. *See* Fed. R. Civ. P. 17(b); *see Cadmus v. Williamson*, Civil Action No. 5:15-cv-00045, 2016 WL 8376572, at *6 (W.D. Va. Aug. 23, 2016) (explaining that a Sheriff's Office "is not an entity subject to suit and distinct from the Sheriff himself") (citing *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989) (noting that a sheriff's office "is not a cognizable legal entity separate from the Sheriff in his official capacity")). Furthermore, a sheriff's office in Virginia is also not a "person" subject to suit under 42 U.S.C. § 1983. "By its terms, § 1983 only applies to 'persons.' Because the Henry County Sheriff's Office is not a 'person,' it cannot be sued under § 1983." *Young v. Perry*, Case No. 4:16cv00060, 2017 WL 836036, at *3 (W.D. Va. Mar. 2, 2017). Accordingly, the RCSO's motion to dismiss will be granted.

The court will issue an appropriate order denying defendants' motion for summary judgment and granting RCSO's motion to dismiss.

Entered: March 26, 2025

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge