CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 30, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

TARUN KUMAR VYAS,           )
      Plaintiff,           )
                            )    Civil Action No. 7:23-cv-00738
v.                      )
                            )    By:  Elizabeth K. Dillon
SHERIFF BRYAN HUTCHENSON, *et al.*,  )        Chief United States District Judge
      Defendants.         )

**MEMORANDUM OPINION AND ORDER**

Tarun Kumar Vyas, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging claims for violation of his religious free exercise rights. (Compl., Dkt. No. 1.)  Several of his motions are pending before the court.

Vyas moves to alter or amend the court's order of March 26, 2025, granting the Rockingham County Sheriff's Office's motion to dismiss.  (Dkt. Nos. 170, 171, 172.)  The Sheriff's Office opposes Vyas's motion.  (Dkt. No. 178.)

Vyas also moves to reconsider (Dkt. No. 213 (styled, "Motion to Not Hold My Lack of Complete and Competent Testimony on 11/4/2025, Against Me")) and to alter or amend (Dkt. No. 197) the court's opinion and order of September 29, 2025, adopting in part and rejecting in part a report and recommendation (R&R) of U.S. Magistrate Judge Joel C. Hoppe.  (Dkt. Nos. 189, 190.)[1]  That order dismissed Vyas's claims against seven defendants for failure to exhaust administrative remedies and directed Vyas to show cause why his claims against the remaining defendant should not be dismissed for the same reason.  (Dkt. No. 190.)  Defendants oppose Vyas's motion to alter or amend (Dkt. Nos. 211, 212), and Vyas replies (Dkt. Nos. 221, 222).

---

[1] As discussed in more detail in this opinion, the court overwhelmingly adopted the R&R, and it dismissed all claims against the defendants who had sought summary judgment based on Vyas's failure to exhaust.  (*See* Dkt. Nos. 170, 123.)  Vyas filed an interlocutory appeal of that order.  (Dkt. No. 203.)  The Fourth Circuit indicates that it will treat his notice of appeal as filed the date the court disposes of his motion to alter or amend the court's September 29, 2025 order.  (Dkt. No. 206.)

Finally, Vyas moves to supplement his reply briefs.  (Dkt. No. 229, 232.)

For the following reasons, Vyas's motions to supplement will be granted, and his other motions will be denied.

## I.  BACKGROUND

Vyas alleges that he was not provided with non-beef meals in accordance with his Hindu religious beliefs when he was incarcerated at the Rockingham-Harrisonburg Regional Jail.  (*See* Compl.)  He sued Sheriff Bryan Hutcheson, Captain Jimmy Wimer, Sgt. Allman, the County of Rockingham, the City of Harrisonburg, the Rockingham County Sheriff's Office (RCSO), Nurse Lauren Shenk,[2] Lt. Wilberger, and Lt. Madison.

On February 21, 2024, defendants Sgt. Allman, the City of Harrisonburg, Sheriff Bryan Hutcheson, and Captain Jimmy Wimer moved for summary judgment, arguing that Vyas had not exhausted his administrative remedies.  (Dkt. No. 44 (first motion for summary judgment).)   On June 21, 2024, defendants the County of Rockingham, Lt. Wilberger, and Lt. Madison filed a separate summary judgment motion based on the same exhaustion argument.  (Dkt. No. 88 (second motion for summary judgment).)

In their first motion for summary judgment, defendants argued that Vyas needed to fully appeal at least one grievance (Grievance #23-029) or Inmate Request (# 186389, #187220) that Vyas initiated in July 2023.  Vyas, however, argued that the grievance process was unavailable to him because his efforts to exhaust this issue were thwarted and hindered by the defendants. He submitted sworn testimony describing the difficulties he had in accessing the grievance procedure related to many issues, including his request for a Hindu-conforming diet.  More

---

[2] Nurse Shenk filed an answer to the complaint, raising exhaustion as an affirmative defense.  (Dkt. No. 31.)  She also has expressly moved for dismissal based on the grounds set forth in the court's September 29, 2025 memorandum and opinion.  (Dkt. No. 211 at 1 n.1.)

generally, Vyas asserted that the delayed response times to his grievances made it impossible to comply with the deadlines in the grievance procedure.  Finally, Vyas asserted that he was never educated on Section 17 from the Inmate Handbook when he arrived at the Jail.

In deciding the first motion for summary judgment, the court reasoned that Vyas's "sworn statements create issues of fact on the availability of administrative remedies. Construing the evidence in the light most favorable to plaintiff, the court must find that defendants are not entitled to summary judgment."  (Dkt. No. 123.)  Thus, the court referred this matter to the magistrate judge for an evidentiary hearing and report and recommendation "as to whether administrative remedies were available to plaintiff with respect to his claim that he was denied access to a Hindu-conforming diet."  (Dkt. No. 124.)  Judge Hoppe conducted an evidentiary hearing on January 9, 2025.  (Dkt. Nos. 147–49.)

After the evidentiary hearing, Vyas filed two motions to grant an additional evidentiary hearing and a motion to construe statements he made at the hearing as if under oath and admit them into evidence.  Judge Hoppe denied the motion for an additional evidentiary hearing because Vyas was "afforded sufficient time both to prepare for the hearing and to participate in the hearing in whatever manner he deemed to be appropriate."  (Dkt. No. 160.)  The court also rejected Vyas's attempt to "retroactively deem statements to be considered under oath" because Vyas was given the opportunity to testify under oath at the hearing, but he declined the opportunity, and it would violate due process to admit statements into evidence without being subject to cross-examination.  (*Id.* at 2.)  Finally, the court struck one of Vyas's post-hearing submissions (Dkt. No. 155) because Vyas had been given the opportunity to file only "one submission" after the hearing.  The court explained that "plaintiff's attempt to file another declaration violates one of the purposes of the hearing, which was to subject his testimony to

3

cross-examination.  Plaintiff cannot have it both ways by declining to testify under oath at the hearing and then submitting testimony under oath after the hearing without giving the defendants the opportunity to scrutinize plaintiff's statements via cross-examination." (Dkt. No. 160 at 2.)

Judge Hoppe entered his R&R on March 10, 2025.  (Dkt. No. 166.)  He found that Vyas failed to meet his burden for a spoliation finding.  Also, Vyas had not shown by a preponderance of the evidence that administrative remedies were unavailable to him in this case.  Accordingly, the magistrate judge recommended that the court deny Vyas's motion for sanctions, grant defendants' motion for summary judgment, and enter a final order of dismissal.  (*Id.* at 25.)

The court issued an opinion and order adopting in part and rejecting in part the R&R and addressing some related motions filed by Vyas.  (Dkt. Nos. 189, 190.)  In particular, the court did not adopt the R&R's recommendation to grant summary judgment, finding that the court had already denied summary judgment because of issues of material fact.  But the court concluded the claims could be dismissed against the parties who had moved for summary judgment, and so it effectively granted the relief recommended by the R&R: dismissal of Vyas's claims against seven defendants (Sgt. Allman, the City of Harrisonburg, Bryan Hutchenson, Lt. Madison, the County of Rockingham, Lt. Wilberger, and Jimmy Wimer) because Vyas failed to exhaust his administrative remedies.[3]  (Dkt. No. 190.)  The order also directed Vyas to show cause why his

---

[3]  No party has raised the issue, but the court also has considered whether, instead of denying the motions for summary judgment, it should have instead taken them under advisement pending the evidentiary hearing.  If it had done so, then it also would have adopted the R&R in its entirety and granted summary judgment for defendants. Whether one or both of these approaches is appropriate relates, in part, to the proper procedural vehicle for addressing exhaustion in prisoner litigation.  The Circuit Courts of Appeals have taken different approaches, and it does not appear that the Fourth Circuit has spoken directly on the issue. *See Washington v. Fed. Bureau of Prisons*, No. 516CV03913BHHKDW, 2019 WL 2125246, at *4 (D.S.C. Jan. 3, 2019), *report and recommendation adopted*, No. 5:16-CV-3913-BHH, 2019 WL 1349516 (D.S.C. Mar. 26, 2019) (discussing issue); *Strickland v. Wang*, No. 7:11CV00358, 2013 WL 866075, at *1 (W.D. Va. Mar. 7, 2013) ("Though the Second, Third, Fifth, Seventh, Ninth, and Eleventh Circuit Courts of Appeals agree that exhaustion is for the judge to decide, they disagree on whether the disposition is properly characterized as a grant of summary judgment or a dismissal.").
    Judges of this court have also taken different approaches. *Compare, e.g.*, *Deegan v. Hutcheson*,  No. 7:24-CV-301, 2025 WL 543190, at *5 (W.D. Va. Feb. 18, 2025) (denying the summary judgment motion because of disputes of fact and referring for an evidentiary hearing on the issue of exhaustion) *with Woodhouse v. Duncan*, 741

claims against the remaining defendant, Nurse Lauren Shenk, should not be dismissed for failure

to exhaust.  (*See id.*)

## II.  ANALYSIS

### A.  Motions to Reconsider

The court construes Vyas's motions to alter or amend (Dkt. Nos. 172, 197), as well as his

motion to "Not Hold Lack of Testimony Against Me" (Dkt. No. 213), as seeking reconsideration

of an interlocutory order or orders.  *See* Fed. R. Civ. P. 54(b).[4]  To guide their discretion in

deciding Rule 54(b) motions, courts in the Fourth Circuit "look to the legal framework for Rule

59 and Rule 60 motions for reconsideration."  *E.K. v. Dep't of Defense Educ. Activity*, No.

1:25-cv-637, 2025 WL 1921928, at *2 (E.D. Va. July 11, 2025); *Am. Canoe Ass'n v. Murphy

Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003).  Courts generally "do not depart from a previous

ruling unless '(1) a subsequent trial produces substantially different evidence, (2) controlling

authority has since made a contrary decision of law applicable to the issue, or (3) the prior

decision was clearly erroneous and would work manifest injustice.'"  *Orbcomm Inc. v. Calamp

Corp.*, 215 F. Supp. 3d 499, 503 (E.D. Va. 2016) (quoting *Am. Canoe*, 326 F.3d at 515).

Generally, "[a]bsent a significant change in the law or the facts," a court will grant a motion for

reconsideration only where it "has patently misunderstood a party," "made a decision outside the

adversarial issues presented to the Court by the parties, or has made an error not of reasoning but

---

F. App'x 177, 178 (4th Cir. 2018) (affirming, in appeal from this court, grant of summary judgment for defendants where magistrate judge held an evidentiary hearing and recommended granting summary judgment based on plaintiff's failure to exhaust, and the district court adopted that recommendation).

Under either avenue, it is clear that the Fourth Circuit allows a judge to resolve factual disputes relevant to the exhaustion issue without the participation of a jury, *Woodhouse*, 741 F. App'x at 178; *see also Walker v. Kiser*, No. 7:19CV743, 2022 WL 945612, at *3 n.2 (W.D. Va. Mar. 29, 2022) (addressing exhaustion after evidentiary hearing and collecting authority on procedures for resolving disputes of exhaustion).  And regardless of whether the dismissal of Vyas's claims was more properly treated as the grant of the summary judgment motions, the end result is the same: Vyas's claims were dismissed.

[4]  The court has not yet adjudicated the claims against Nurse Shenk.

of apprehension." *Evans v. Trinity Indus., Inc.*, 148 F. Supp. 3d 542, 544 (E.D. Va. 2015).

### 1. Motion to Reconsider March 26, 2025 Order

Vyas asks that the Rockingham County Sheriff's Office be "replaced" as a defendant with "County Commissioners of Rockingham County." As an initial matter, this request provides no basis to reconsider the dismissal of the Sheriff's Office; that entity was dismissed because it is not a suable entity. (Dkt. No. 170.) To the extent that Vyas is attempting to amend his complaint, the court will deny this motion as futile both because the County of Rockingham is already a defendant and because Vyas fails to set forth any proposed allegations, or a proposed amended complaint, against the "County Commissioners of Rockingham County," which appears to be a non-existent entity. *See* Va. Code § 15.2-802 ("The powers of the county as a body politic shall be vested in an urban county board of supervisors, . . . ."); *see also Ingram v. Virginia*, No. 1:22-cv-778, 2023 WL 12000944, at *2 (E.D. Va. Sept. 18, 2023) ("Although leave to amend should be liberally granted, the Court may deny leave where the plaintiff fails to properly attach their amended complaint."). Accordingly, Vyas's motion to reconsider the court's order of March 26, 2025, will be denied.

### 2. Motions to Reconsider September 29, 2025 Order[5]

First, as to Vyas's "Motion to Not Hold My Lack of Complete and Competent Testimony on 11/4/2025, Against Me," the court is not aware of any such testimony by Vyas or how it could possibly relate to the court's ruling more than a month earlier on September 29, 2025, or to the underlying R&R issued on March 10, 2025 (Dkt. No. 166). The court considered the possibility that Vyas meant November 4, *2024*, but that also would not align with the facts and procedural history of this case.

---

[5] The court considers Vyas' motion to "Not Hold My Lack of Complete and Competent Testimony on 11/4/2025, Against Me" to be a motion to reconsider the court's September 29, 2025 order.

Aside from this issue with the dates, Vyas explains a situation where he was brought into a room for an "attorney visit" but did not realize it was for a court hearing before Judge Hoppe. Vyas states that he was unprepared for the hearing. A similar situation unfolded in this case where the court noticed an evidentiary hearing for November 20, 2024. (Dkt. No. 132.) The court "postponed the hearing because plaintiff did not receive notice of that hearing." (Dkt. No. 160.) The hearing was rescheduled for January 9, 2025, and there is "no dispute that plaintiff had notice and sufficient time to prepare for the January 9 hearing." (*Id.*) In this context, Judge Hoppe denied Vyas's motion for an additional evidentiary hearing (*id.*), and the court denied motions to "reverse" Judge Hoppe's denial and a separate motion for an additional hearing (Dkt. No. 189 at 9–10). There is no basis to grant the relief sought in this motion, especially considering the motion's confused and inaccurate description of events in this case.

Second, Vyas's motion to alter or amend the September 29, 2025 order, construed as a Rule 54(b) motion, has not met any of the standards that would merit reconsideration. The motion reiterates arguments that the court has already addressed and rejected, and it does not demonstrate that the court's order was clearly erroneous. Rule 54(b) motions "are not opportunities to make new arguments nor rehash issues already ruled upon because a litigant is displeased with the result." *Ashmore v. Williams*, No. 8:15-cv-03633-JMC, 2017 WL 24255, at *3 (D.S.C. Jan. 3, 2017).

In one of his motions to supplement, Vyas cites a recent case, *Uzzle v. Boyd*, No. 7:23-cv-00640, 2026 WL 267031 (W.D. Va. Feb. 2, 2026), in support of his argument that this matter should be set for a jury trial following the denial of the motion for summary judgment filed by defendants. In *Uzzle*, exhaustion of administrative remedies was not an issue as it is in this case. The court has already explained that Vyas is not entitled to a jury trial on exhaustion.

7

(Dkt. No. 189 at 11–12 (discussing *Perttu v. Richards*, 145 S. Ct. 1793 (2025)).)

For these reasons, Vyas's motions to reconsider the court's order of September 29, 2025, will be denied.

## B. Motions to Supplement

Lastly, Vyas asks the court to consider additional authority for his replies supporting his motion to alter or amend the court's order of September 29, 2025. (Dkt. Nos. 229, 232.) The court will grant these motions because the court already considered this authority in issuing that order.

### III. CONCLUSION AND ORDER

For the above reasons, Vyas's motions to alter or amend (Dkt. Nos. 172, 197) and to "Not Hold My Lack of Complete and Competent Testimony on 11/4/2025, Against Me" (Dkt. No. 213) are DENIED, and his motions to supplement (Dkt. Nos. 229, 232) are GRANTED. As set forth in a prior oral order from United States Magistrate Judge Hoppe (Dkt. No. 207), plaintiff has 30 days from the date this order is entered to comply with the court's order directing him to show cause why the claims against defendant Lauren Shenk should not be dismissed for failure to exhaust administrative remedies.

The Clerk is directed to transmit a copy of this order to Vyas, to all counsel of record, and to the Fourth Circuit Court of Appeals.

Entered: March 30, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

8